UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) Pictometry International Corp., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-05-942-HE |
| (1) Aerial Cartographics of America, Inc., a Florida corporation, and | ) ) ) ) | |
| (2) Ofek Aerial Photography International, Ltd., a foreign corporation, | ) ) ) ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

Plaintiff, for its amended complaint and claim against Defendants, alleges as follows:

### Jurisdiction and Venue

1. This Court's jurisdiction over this Complaint is founded under the United States Patent Laws, 35 U.S.C. § 271, *et. seq,* the Lanham Act, 15 U.S.C. § 1051, *et seq,* 28 U.S.C. §§ 1331 and 1338(a), which jurisdiction is exclusive of the Courts of the states.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

### The Parties

3. Plaintiff Pictometry International Corp. is a Delaware corporation having a principal place of business in Rochester, New York. Plaintiff provides specialized aerial photography services throughout the United States.

4. Defendant Aerial Cartographics of America, Inc. ("ACA") is a Florida

corporation having a principal place of business located at 1722 West Oak Ridge Road, Orlando, Florida. ACA provides aerial photography services throughout the United States, including this District, which are competitive with the services offered by Plaintiff.

5. Defendant Ofek Aerial Photography International, LTD ("Ofek") is an Israeli corporation having a principal place of business at 22 Habonim St., Netanya 42170, Israel. Ofek is doing business in the United States and maintains an office located at 5909 West Loop South, Suite 555, Bellaire, Texas. Ofek provides aerial photography services which are competitive with the services offered by Plaintiff.

**Count I**

**ACA's Direct Infringement of the '356 Patent
in Violation of 35 U.S.C. § 271(a)**

6. Plaintiff realleges and incorporates as if fully set forth herein the allegations set forth in ¶¶ 1-5.

7. United States Patent No. 5,247,356 (hereinafter the "'356 patent"), entitled Method and Apparatus for Mapping and Measuring Land, was duly and legally issued on September 21, 1993, to John A. Ciampa, who is the inventor of the invention claimed in the '356 patent. A copy of the '356 patent is attached as Exhibit A hereto. Mr. Ciampa subsequently assigned his entire right, title and interest in and to the '356 patent to Plaintiff. A true and correct copy of the assignment is attached as Exhibit B hereto.

8. The '356 patent describes a method and apparatus which enables detailed and accurate measurements of ground features to be determined from certain types of aerial photographs. For example, the methods claimed in the '356 patent enable the user to accurately measure the height and width of a building or the dimensions of a parcel of

land using a variety of aerial photographs.

9. In connection with its aerial photography services, Ofek has offered for sale and/or sold in the United States a product under the name "MultiVision." The MultiVision product enables the user to practice a method for obtaining detailed and accurate measurements of ground features which can be determined from certain types of aerial photographs.

10. Ofek licensed or sold the MultiVision product to ACA and provided instructions, guidance and methodologies to ACA on the use of the MultiVision product.

11. ACA has offered for sale, sold and/or used the MultiVision product in the United States.

12. ACA's offer for sale, sale and/or use of the MultiVision product in the United States constitutes an infringement of one or more claims of the '356 patent in violation of 35 U.S.C. § 271(a).

13. ACA is continuing to commit the actions complained of above. Plaintiff has suffered irreparable harm as a result of ACA's infringement of the '356 patent as complained of herein. Unless and until ACA is enjoined from continuing its infringing activities, Plaintiff will continue to be irreparably harmed.

## Count II

### Ofek's Inducement of ACA's Direct Infringement of the '356 Patent in Violation of 35 U.S.C. § 271(b)

14. Plaintiff realleges and incorporates as if fully set forth herein the allegations set forth in ¶¶ 1-13.

15. By virtue of its having provided instructions to ACA on the use of the

MultiVision product and ACA's subsequent offer for sale, sale and/or use of the MultiVision product in the United States, Ofek actively induced ACA's infringement of the '356 patent in violation of 35 U.S.C. § 271(b).

**Count III**

**Ofek's Contributory Infringement of the
'356 Patent in Violation of 35 U.S.C. § 271(c)**

16.     Plaintiff realleges and incorporates as if fully set forth herein the allegations set forth in ¶¶ 1-15.

17.     By virtue of its license or sale of the MultiVision product to ACA and ACA's subsequent offer for sale, sale and/or use of the MultiVision product in the United States, Ofek contributed to ACA's infringement of the '356 patent in violation of 35 U.S.C. § 271(c).

**Count IV**

**Ofek's Infringement of the Plaintiff's Federally Registered Mark
_"PICTOMETRY"_ in Violation of Section 32 of the Lanham Act**

18.     Plaintiff realleges and incorporates as if fully set forth herein the allegations set forth in ¶¶ 1-5.

19.     Since at least as early as 1996, and long prior to the actions of Ofek complained of herein, Plaintiff has used "PICTOMETRY" in commerce as a trademark and trade name in conjunction with its specialized aerial photography services. Material showing Plaintiff's use of "PICTOMETRY" as a mark is attached as Exhibit "C" hereto. During this period of time, Plaintiff's use of "PICTOMETRY" in connection with its specialized aerial photography services has been continuous and exclusive.

20.     Plaintiff's "PICTOMETRY" mark is inherently distinctive as applied to its

specialized aerial photography services.

21. By virtue of Plaintiff's continuous use in commerce throughout the United States of its "PICTOMETRY" mark in connection with its specialized aerial photography services, such services have become well and favorably known to the relevant trade and public under such mark.

22. Plaintiff is the owner of U.S. trademark registration no. 2,892,665 for the "PICTOMETRY" mark, which registration is valid and subsisting. A copy of the registration certificate is attached as Exhibit "D" hereto.

23. Ofek is advertising within the United States, and within this District, its aerial photography services through its Internet web site located at URL www.ofek-air.com.

24. Without authorization of Plaintiff, Ofek has made use of Plaintiff's "PICTOMETRY" mark on its website to obtain placement in Internet search results when consumers conduct Internet searches for Plaintiff using the keyword or search term "PICTOMETRY." On Ofek's website, however, the word "PICTOMETRY" is printed in white and is therefore invisible to the consumer who has accessed the website.

25. Ofek's conduct is willful, deliberate, intentional and in bad faith.

25. Defendant's use of "PICTOMETRY" is likely to cause confusion or mistake as to the source or sponsorship of its business, and services and as to its affiliation with Plaintiff.

26. Accordingly, Defendant's use of "PICTOMETRY" is in violation of Plaintiff's rights in its registered "PICTOMETRY" mark pursuant to 15 U.S.C. § 1114.

27. Plaintiff has no adequate remedy at law. The acts and activities of Defendants complained of herein deprive Plaintiff of control over its reputation and goodwill,

which constitutes irreparable injury.

## Count V

### Ofek's Infringement of Plaintiff's Federally Registered Mark "PICTOMETRY" Constitutes Unfair Competition in Violation of Section 43(a) of the Lanham Act

28. Plaintiff realleges and incorporates as if fully set forth herein the allegations set forth in ¶¶ 18-27.

29. Ofek's unauthorized use in commerce of Plaintiff's "PICTOMETRY" mark constitutes unfair competition in violation of Section 43(a) of Lanham Act, 15 U.S.C. § 1125(a).

30. Ofek's acts of unfair competition as alleged herein are causing and are likely to continue to cause substantial injury to Plaintiff and the public. Plaintiff is therefore entitled to injunctive relief to remedy Defendant's actions.

## Count VI

### ACA's Infringement of the Plaintiff's Federally Registered Mark *"INTELLIGENT IMAGES"* in Violation of Section 32 of the Lanham Act

31. Plaintiff realleges and incorporates as if fully set forth herein the allegations set forth in ¶¶ 1-5.

32. Since at least as early as 2002, and long prior to the actions of ACA complained of herein, Plaintiff has used "INTELLIGENT IMAGES" in commerce as a trademark in conjunction with its specialized aerial photography services. Material showing Plaintiff's use of "INTELLIGENT IMAGES" as a mark is attached as Exhibit "E" hereto. During this period of time, Plaintiff's use of "INTELLIGENT IMAGES" in connection with its specialized aerial photography services has been continuous and exclusive.

33. Plaintiff's "INTELLIGENT IMAGES" mark is inherently distinctive as applied to its specialized aerial photography services.

34. By virtue of Plaintiff's continuous use in commerce throughout the United States of its "INTELLIGENT IMAGES" mark in connection with its specialized aerial photography services, such services have become well and favorably known to the relevant trade and public under such mark.

35. Plaintiff is the owner of U.S. trademark registration no. 2,859,451 for the "INTELLIGENT IMAGES" mark, which registration is valid and subsisting. A copy of the registration certificate is attached as Exhibit "F" hereto.

36. Defendants are promoting themselves as a provider of aerial photography services using the term "INTELLIGENT IMAGERY." Attached as Exhibit "G" hereto is a copy of a promotional brochure distributed by ACA which displays the "INTELLIGENT IMAGERY" mark.

37. "INTELLIGENT IMAGERY" is substantially identical and confusingly similar to Plaintiff's "INTELLIGENT IMAGES" mark in sound, appearance and commercial impression.

38. Defendant's use of "INTELLIGENT IMAGERY" is likely to cause confusion or mistake as to the source or sponsorship of its business, and services and as to its affiliation with Plaintiff.

39. Accordingly, Defendant's use of "INTELLIGENT IMAGERY" is in violation of Plaintiff's rights in its registered "INTELLIGENT IMAGES" mark pursuant to 15 U.S.C. § 1114.

40. Plaintiff has no adequate remedy at law. The acts and activities of

Defendants complained of herein deprive Plaintiff of control over its reputation and goodwill, which constitutes irreparable injury.

### Count VII

### ACA's Infringement of Plaintiff's Federally Registered Mark "INTELLIGENT IMAGES" Constitutes Unfair Competition in Violation of Section 43(a) of the Lanham Act

41.  Plaintiff realleges and incorporates as if fully set forth herein the allegations set forth in ¶¶ 31-40.

42.  ACA's infringement of Plaintiff's "INTELLIGENT IMAGES" mark constitutes unfair competition in violation of Section 43(a) of Lanham Act, 15 U.S.C. § 1125(a).

43.  ACA's acts of unfair competition as alleged herein are causing and are likely to continue to cause substantial injury to Plaintiff and the public.  Plaintiff is therefore entitled to injunctive relief to remedy ACA's actions.

### Count VIII

### ACA's False and Misleading Statements Regarding Plaintiff's Specialized Aerial Photography Services Constitutes Unfair Competition in Violation of Section 43(a) of the Lanham Act

44.  Plaintiff realleges and incorporates as if fully set forth herein the allegations set forth in ¶¶ 31-40

45.  In conjunction with its efforts to market its aerial photography services, ACA has distributed the promotional brochure attached as Exhibit "G" hereto to prospective purchasers of the type of specialized aerial photography services offered by Plaintiff. These statements, found on the second page of this brochure, contain false and misleading statements of material fact which purport to demonstrate that ACA's service is superior to

that of Plaintiff.

46. For example, the capability of determining the height of a structure or any part thereof, is an important capability to persons who purchase the type of aerial photography services offered by the parties. In describing its ability to provide this service, ACA states in its brochure under the heading "*Height measurement*," ACA claims it "*Exists, has a sophisticate feature.*" However, in describing Plaintiff's ability to provide this feature, ACA claims "*We are not sure, but we think it exists in a very basic way, only for the whole height of the building.*" In fact, Plaintiff's service is capable of determining the height of an entire building or any part thereof. Thus, ACA's characterization of the capabilities of Plaintiff's service relative to its ability to determine the height of a building is false and misleading.

47. Additionally, the capability of determining the distance between two points on the ground in terms of both ground distance (the distance which must be traveled over the ground between two points) and air distance (the direct distance between the same two points) is an important capability to persons who purchase the type of aerial photography services offered by the parties. In describing its ability to provide this service, ACA states in its brochure under the heading "*Measurement of Polygon*," ACA claims "*Exists in a number of variations.*" However, in describing Plaintiff's ability to provide this feature, ACA claims "*Exists only in Air Distance.*" In fact, Plaintiff's service is capable of determining the distance between two points on the ground both in terms of ground and air distance. Thus, ACA's characterization of the capabilities of Plaintiff's service relative to its ability to determine distances is false and misleading.

48. ACA's false and misleading descriptions or representations of fact concerning the nature, characteristics and qualities of Plaintiff's specialized aerial photography services

are material, literally false, misleading and therefore constitute unfair competition in violation of Section 43(a) of Lanham Act, 15 U.S.C. § 1125(a).

49.     ACA's conduct is willful, deliberate, intentional and in bad faith.

50.     ACA's acts of unfair competition as alleged herein are causing and are likely to continue to cause substantial injury to Plaintiff and the public.  Plaintiff is therefore entitled to injunctive relief to remedy ACA's actions.

**WHEREFORE**, Plaintiff requests that the Court enter judgment against Defendants and in favor of Plaintiff, decreeing as follows:

1.     That a preliminary injunction and a permanent injunction issue restraining each of Defendants and their officers, agents, servants, representatives, attorneys and employees, and any and all persons in active concert or participation with them, from infringing the '356 patent;

2.     That Plaintiff be awarded from each of Defendants an amount of money equal to the actual damages suffered by Plaintiff or a reasonable royalty pursuant to 35 U.S.C. § 284, whichever is greater, arising from the Defendants' infringement of the '356 patent, and that to the extent that such damages or reasonable royalty resulted from Defendants' joint activities that each Defendant be found jointly and severally liable for such damages or reasonable royalty;

3.     That a preliminary injunction and a permanent injunction issue restraining Defendant Ofek, its officers, agents, servants, representatives, attorneys and employees, and any and all persons in active concert or participation with them, from using the "PICTOMETRY"® mark or any other mark confusingly similar thereto in connection with any web site, computer code, or other advertising or promotional materials;

  4.  That Defendant Ofek, and all others holding by or under said Defendant, be required, jointly and severally, to:

  (a)  account for and pay over to Plaintiff all profits derived by Defendant from its acts of infringement of Plaintiff's federally registered trademark "PICTOMETRY" and unfair competition in accordance with 15 U.S.C. § 1117(a);

  (b  pay to Plaintiff treble the amount of all damages incurred by Plaintiff by reason of said Defendant's acts of infringement and unfair competition in accordance with 15 U.S.C. § 1117(a);

  (c)  pay to Plaintiff the costs of this action, together with reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117(a); and

  (d)  file with the Court and serve on Plaintiff an affidavit setting forth in detail the manner and form in which said Defendant has complied with the terms of the injunction in accordance with 15 U.S.C. § 1116.

  5.  That a preliminary injunction and a permanent injunction issue restraining Defendant ACA, its officers, agents, servants, representatives, attorneys and employees, and any and all persons in active concert or participation with them, from (a) using the "INTELLIGENT IMAGES"® mark or any other mark confusingly similar thereto in connection with any web site, computer code, or other advertising or promotional materials, and (b) engaging in any sales and marketing communications which imply or making any representation to the effect Plaintiff's specialized aerial photography services lack the capability to measure the entire height of a building or to measure both the ground and air

distance, or any other false or misleading statements of fact concerning the nature, characteristics and qualities of Plaintiff's specialized aerial photography services;

6. That Defendant ACA, and all others holding by or under said Defendant, be required, jointly and severally, to:

    (a) account for and pay over to Plaintiff all profits derived by said Defendant from its acts of infringement of Plaintiff's federally registered trademark "INTELLIGENT IMAGES," unfair competition and false advertising;

    (b) pay to Plaintiff treble the amount of all damages incurred by Plaintiff by reason of said Defendant's acts of infringement, unfair competition and false advertising in accordance with 15 U.S.C. § 1117(a);

    (c) pay to Plaintiff the costs of this action, together with reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117(a); and

    (d) file with the Court and serve on Plaintiff an affidavit setting forth in detail the manner and form in which said Defendant has complied with the terms of the injunction in accordance with 15 U.S.C. § 1116.

      7.    That Plaintiff be awarded such other and further relief which the Court deems proper.

**JURY TRIAL**                                           Respectfully submitted,
**DEMANDED**

Date:   August 15, 2005             s/Joseph P. Titterington
                                                     G. Neal Rogers
                                                   Joseph P. Titterington
                                                   Robert Trent Pipes
                                                   Dunlap, Codding & Rogers, P.C.
`                                                  1601 Northwest Expressway, Suite 1000
                                                   Oklahoma City, Oklahoma  73118
                                                   Telephone:   (405) 607-8600
                                                   Facsimile:   (405) 607-8686