UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) Pictometry International Corp., a Delaware corporation,

Plaintiff,

v. Case No. CIV-05-942-HE

(1) Aerial Cartographics of America, Inc., a Florida corporation, and

(2) Ofek Aerial Photography International, Ltd., a foreign corporation,

Defendants.

**SECOND AMENDED COMPLAINT**

Plaintiff, for its second amended complaint and claim against Defendants, alleges as follows:

**Jurisdiction and Venue**

1. This Court's jurisdiction over this Complaint is founded under the United States Patent Laws, 35 U.S.C. § 271, *et. seq;* the Lanham Act, 15 U.S.C. § 1051, *et seq;* 28 U.S.C. §§ 1331 and 1338(a), which jurisdiction is exclusive of the Courts of the states; and 28 U.S.C. § 1332(a) in that there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

**The Parties**

3. Plaintiff Pictometry International Corp. is a Delaware corporation having a

principal place of business in Rochester, New York. Plaintiff provides specialized aerial photography services throughout the United States.

4. Defendant Aerial Cartographics of America, Inc. (“ACA”) is a Florida corporation having a principal place of business located at 1722 West Oak Ridge Road, Orlando, Florida. ACA provides aerial photography services throughout the United States, including this District, which are competitive with the services offered by Plaintiff.

5. Defendant Ofek Aerial Photography International, LTD (“Ofek”) is an Israeli corporation having a principal place of business at 22 Habonim St., Netanya 42170, Israel. Ofek is doing business in the United States and maintains an office located at 5909 West Loop South, Suite 555, Bellaire, Texas. Ofek provides aerial photography services which are competitive with the services offered by Plaintiff.

**Count I**

**ACA’s Direct Infringement of the ’356 Patent**
**in Violation of 35 U.S.C. § 271(a)**

6. Plaintiff realleges and incorporates as if fully set forth herein the allegations set forth in ¶¶ 1-5.

7. United States Patent No. 5,247,356 (hereinafter the “‘356 patent”), entitled Method and Apparatus for Mapping and Measuring Land, was duly and legally issued on September 21, 1993, to John A. Ciampa, who is the inventor of the invention claimed in the ‘356 patent. A copy of the ‘356 patent is attached as Exhibit 1 hereto. Mr. Ciampa subsequently assigned his entire right, title and interest in and to the ‘356 patent to Plaintiff. A true and correct copy of the assignment is attached as Exhibit 2 hereto.

8. The ‘356 patent describes a method and apparatus which enables detailed

and accurate measurements of ground features to be determined from certain types of aerial photographs. For example, the methods claimed in the '356 patent enable the user to accurately measure the height and width of a building or the dimensions of a parcel of land using a variety of aerial photographs.

9. In connection with its aerial photography services, Ofek has offered for sale and/or sold in the United States a product under the name "MultiVision." The MultiVision product enables the user to practice a method for obtaining detailed and accurate measurements of ground features which can be determined from certain types of aerial photographs.

10. Ofek licensed or sold the MultiVision product to ACA and provided instructions, guidance and methodologies to ACA on the use of the MultiVision product.

11. ACA has offered for sale, sold and/or used the MultiVision product in the United States.

12. ACA's offer for sale, sale and/or use of the MultiVision product in the United States constitutes an infringement of claims 1 and 16 of the '356 patent in violation of 35 U.S.C. § 271(a).

13. ACA's infringement of the '356 patent is willful.

14. ACA is continuing to commit the actions complained of above. Plaintiff has suffered irreparable harm as a result of ACA's infringement of the '356 patent as complained of herein. Unless and until ACA is enjoined from continuing its infringing activities, Plaintiff will continue to be irreparably harmed.

**Count II**

**Ofek's Inducement of ACA's Direct Infringement**
**<u>of the '356 Patent in Violation of 35 U.S.C. § 271(b)</u>**

15. Plaintiff realleges and incorporates as if fully set forth herein the allegations set forth in ¶¶ 1-13.

16. By virtue of its having provided instructions to ACA on the use of the MultiVision product and ACA's subsequent offer for sale, sale and/or use of the MultiVision product in the United States, Ofek actively induced ACA's willful infringement of the '356 patent in violation of 35 U.S.C. § 271(b).

17. Ofek's inducement of ACA's infringement of the '356 patent is willful.

**Count III**

**Ofek's Contributory Infringement of the**
**<u>'356 Patent in Violation of 35 U.S.C. § 271(c)</u>**

18. Plaintiff realleges and incorporates as if fully set forth herein the allegations set forth in ¶¶ 1-15.

19. By virtue of its license or sale of the MultiVision product to ACA and ACA's subsequent offer for sale, sale and/or use of the MultiVision product in the United States, Ofek contributed to ACA's willful infringement of the '356 patent in violation of 35 U.S.C. § 271(c).

20. Ofek's contributory infringement of ACA's infringement of the '356 patent is willful.

## Count IV

## Ofek's Infringement of the Plaintiff's Federally Registered Mark *"PICTOMETRY"* in Violation of Section 32 of the Lanham Act

21. Plaintiff realleges and incorporates as if fully set forth herein the allegations set forth in ¶¶ 1-5.

22. Since at least as early as 1996, and long prior to the actions of Ofek complained of herein, Plaintiff has used "PICTOMETRY" in commerce as a trademark and trade name in conjunction with its specialized aerial photography services. Material showing Plaintiff's use of "PICTOMETRY" as a mark is attached as Exhibit 3 hereto. During this period of time, Plaintiff's use of "PICTOMETRY" in connection with its specialized aerial photography services has been continuous and exclusive.

23. Plaintiff's "PICTOMETRY" mark is inherently distinctive as applied to its specialized aerial photography services.

24. By virtue of Plaintiff's continuous use in commerce throughout the United States of its "PICTOMETRY" mark in connection with its specialized aerial photography services, such services have become well and favorably known to the relevant trade and public under such mark.

25. Plaintiff is the owner of U.S. trademark registration no. 2,892,665 for the "PICTOMETRY" mark, which registration is valid and subsisting. A copy of the registration certificate is attached as Exhibit 4 hereto.

26. Ofek is advertising within the United States, and within this District, its aerial photography services through its Internet web site located at URL www.ofek-air.com.

27. Without authorization of Plaintiff, Ofek has made use of Plaintiff's

"PICTOMETRY" mark on its website to obtain placement in Internet search results when consumers conduct Internet searches for Plaintiff using the keyword or search term "PICTOMETRY." On Ofek's website, however, the word "PICTOMETRY" is printed in white and is therefore invisible to the consumer who has accessed the website.

28. Ofek's conduct is willful, deliberate, intentional and in bad faith.

29. Defendant's use of "PICTOMETRY" is likely to cause confusion or mistake as to the source or sponsorship of its business, and services and as to its affiliation with Plaintiff.

30. Accordingly, Defendant's use of "PICTOMETRY" is in violation of Plaintiff's rights in its registered "PICTOMETRY" mark pursuant to 15 U.S.C. § 1114.

31. Plaintiff has no adequate remedy at law. The acts and activities of Defendants complained of herein deprive Plaintiff of control over its reputation and goodwill, which constitutes irreparable injury.

**Count V**

**Ofek's Infringement of Plaintiff's Federally Registered Mark "PICTOMETRY" Constitutes Unfair Competition in Violation of Section 43(a) of the Lanham Act**

32. Plaintiff realleges and incorporates as if fully set forth herein the allegations set forth in ¶¶ 1-5.

33. Ofek's unauthorized use in commerce of Plaintiff's "PICTOMETRY" mark constitutes unfair competition in violation of Section 43(a) of Lanham Act, 15 U.S.C. § 1125(a).

34. Ofek's acts of unfair competition as alleged herein are causing and are likely

to continue to cause substantial injury to Plaintiff and the public. Plaintiff is therefore entitled to injunctive relief to remedy Defendant's actions.

**Count VI**

**ACA's False and Misleading Statements Regarding Plaintiff's Specialized Aerial Photography Services Constitutes Unfair Competition in Violation of Section 43(a) of the Lanham Act**

35. Plaintiff realleges and incorporates as if fully set forth herein the allegations set forth in ¶¶ 1-5.

36. In conjunction with its efforts to market its aerial photography services, ACA has distributed the promotional brochure attached as Exhibit 5 hereto to prospective purchasers of the type of specialized aerial photography services offered by Plaintiff. These statements, found on the second page of this brochure, contain false and misleading statements of material fact which purport to demonstrate that ACA's service is superior to that of Plaintiff.

37. For example, the capability of determining the height of a structure or any part thereof, is an important capability to persons who purchase the type of aerial photography services offered by the parties. In describing its ability to provide this service, ACA states in its brochure under the heading "*Height measurement*," ACA claims it "*Exists, has a sophisticate feature*." However, in describing Plaintiff's ability to provide this feature, ACA claims "*We are not sure, but we think it exists in a very basic way, only for the whole height of the building*." In fact, Plaintiff's service is capable of determining the height of an entire building or any part thereof. Thus, ACA's characterization of the capabilities of Plaintiff's service relative to its ability to determine the height of a building is false and misleading.

38. Additionally, the capability of determining the distance between two points on the ground in terms of both ground distance (the distance which must be traveled over the ground between two points) and air distance (the direct distance between the same two points) is an important capability to persons who purchase the type of aerial photography services offered by the parties. In describing its ability to provide this service, ACA states in its brochure under the heading "*Measurement of Polygon*," ACA claims "*Exists in a number of variations*." However, in describing Plaintiff's ability to provide this feature, ACA claims "*Exists only in Air Distance*." In fact, Plaintiff's service is capable of determining the distance between two points on the ground both in terms of ground and air distance. Thus, ACA's characterization of the capabilities of Plaintiff's service relative to its ability to determine distances is false and misleading.

39. ACA's false and misleading descriptions or representations of fact concerning the nature, characteristics and qualities of Plaintiff's specialized aerial photography services are material, literally false, misleading and therefore constitute unfair competition in violation of Section 43(a) of Lanham Act, 15 U.S.C. § 1125(a).

40. ACA's conduct is willful, deliberate, intentional and in bad faith.

41. ACA's acts of unfair competition as alleged herein are causing and are likely to continue to cause substantial injury to Plaintiff and the public. Plaintiff is therefore entitled to injunctive relief to remedy ACA's actions.

**Count VII**

**Tortious Interference With Existing Contractual Relationship**

42. Plaintiff realleges and incorporates as if fully set forth herein the allegations set forth in ¶¶ 1-5.

43. On March 3, 2003, Plaintiff entered into a contract with Citrus Information Cooperative, Citrus County, Florida ("CIC") pursuant to which Plaintiff agreed to provide its specialized photography services to CIC.

44. CIC has breached its contract with Plaintiff.

45. ACA, with knowledge of the contract between Plaintiff and CIC and acting without justification or privilege, induced CIC to breach its contract with Plaintiff.

46. ACA's actions constitute a tortious interference with Plaintiff's rights under the contract.

47. As a direct and proximate result of ACA's actions in inducing CIC to breach its contract with Plaintiff, Plaintiff has sustained damages in an amount in excess of $75,000, exclusive of interest and costs.

48. ACA's actions in inducing CIC to breach its contract with Plaintiff were done maliciously and with the deliberate intent to injure Plaintiff and its business, thereby entitling Plaintiff to recover punitive damages from ACA.

**WHEREFORE**, Plaintiff requests that the Court enter judgment against Defendants and in favor of Plaintiff, decreeing as follows:

1. That a preliminary injunction and a permanent injunction issue restraining each of Defendants and their officers, agents, servants, representatives, attorneys and

employees, and any and all persons in active concert or participation with them, from infringing the ‘356 patent;

2. That Plaintiff be awarded from each of Defendants an amount of money equal to three times the actual damages suffered by Plaintiff or a reasonable royalty pursuant to 35 U.S.C. § 284, whichever is greater, arising from the Defendants' infringement of the '356 patent, and that to the extent that such damages or reasonable royalty resulted from Defendants' joint activities that each Defendant be found jointly and severally liable for such damages or reasonable royalty;

3. That this case be declared exceptional pursuant to 35 U.S.C. § 285 and Defendants be ordered to pay Plaintiff's reasonable attorney's fees

4. That a preliminary injunction and a permanent injunction issue restraining Defendant Ofek, its officers, agents, servants, representatives, attorneys and employees, and any and all persons in active concert or participation with them, from using the "PICTOMETRY"® mark or any other mark confusingly similar thereto in connection with any web site, computer code, or other advertising or promotional materials;

5. That Defendant Ofek, and all others holding by or under said Defendant, be required, jointly and severally, to:

(a) account for and pay over to Plaintiff all profits derived by Defendant from its acts of infringement of Plaintiff's federally registered trademark "PICTOMETRY" and unfair competition in accordance with 15 U.S.C. § 1117(a);

(b pay to Plaintiff treble the amount of all damages incurred by Plaintiff by reason of said Defendant's acts of infringement and unfair

competition in accordance with 15 U.S.C. § 1117(a);

(c) pay to Plaintiff the costs of this action, together with reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117(a); and

(d) file with the Court and serve on Plaintiff an affidavit setting forth in detail the manner and form in which said Defendant has complied with the terms of the injunction in accordance with 15 U.S.C. § 1116.

6. That Plaintiff be awarded from ACA an amount of money equal to the actual damages which it has suffered as a result of CIC's breach of its contract with Plaintiff

7. That Plaintiff be awarded punitive damages from ACA.

8. That Plaintiff be awarded such other and further relief which the Court deems proper.

**JURY TRIAL DEMANDED**

Respectfully submitted,

Date: December 12, 2006

s/Joseph P. Titterington

Joseph P. Titterington
Robert Trent Pipes
Dunlap, Codding & Rogers, P.C.
1601 Northwest Expressway, Suite 1000
Oklahoma City, Oklahoma 73118
Telephone: (405) 607-8600
Facsimile: (405) 607-8686

**CERTIFICATE OF SERVICE**

I hereby certify that on December 12th, 2006, I electronically transmitted the attached document to the Clerk of court using the ECF System for filing. Based on the electronic records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

George S Corbyn
Clifford C Dougherty , III
John A Kenney
Charles L McLawhorn , III
Philip D Nykamp
Kathryn M Zynda

s/Joseph P. Titterington